KENNETH PARKINSON (6778), for:
**HOWARD, LEWIS & PETERSEN, P.C.**
ATTORNEYS AND COUNSELORS AT LAW
120 East 300 North Street
Provo, Utah 84606
Telephone: (801) 373-6345
Facsimile: (801) 377-4991
ParkinsonK@ProvoLawyers.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, STATE OF UTAH

| | |
|---|---|
| JESSICA LEWIS MORTENSEN, <br><br> Plaintiff, <br><br> vs. <br><br> SOLUTIONREACH, INC., <br><br> Defendant. | **COMPLAINT AND JURY DEMAND** <br><br><br> Case No. |

COMES NOW Plaintiff, JESSICA MORTENSEN, by and through counsel, and hereby states

her claim for relief and alleges as follows:

**INTRODUCTION**

1.      This action is brought by plaintiff Jessica Mortensen to secure redress for the

discrimination she suffered as an employee of Solutionreach, Inc. as well as retaliation against her.

## JURISDICTION

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343

in that this case arises under federal law or the protection of civil rights, specifically, Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

## VENUE

3.      Venue is proper in the Central District of Utah pursuant to Section 706(f)(3) of Title

VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to

Plaintiff's claims occurred in this District.

## PROCEDURAL PREREQUISITES

4.      Plaintiff has exhausted her administrative remedies and complied with all statutory

prerequisites for her Title VII claims.

5.      Plaintiff timely filed a verified charge of discrimination and unlawful retaliation

against Solution Reach, Inc. with the Utah Antidiscrimination & Labor Division ("UALD") on

October 13, 2015. The UALD referred the claim to the EEOC.  The charge numbers on this

complaint are as follows: UALD No. B6-0177 and EEOC No. 35C-2016-00177.

6.      The EEOC issued a Notice of Right to Sue on July 30, 2019 and plaintiff received

it on August 2, 2019, less than 90 days prior to filing this complaint.

7.      Solutionreach, Inc. employed a sufficient number of employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year to be subject to the requirements of Title VII.

## GENERAL FACTUAL ALLEGATIONS

8.      Plaintiff reasserts and incorporates all other allegations of this complaint.

9.      Jessica Mortensen resides in Santaquin, Utah County, Utah.

10.     At all times relevant to this complaint, Defendant Solutionreach, Inc. owned and operated a business in Lehi, Utah County, Utah.

11.     Ms. Mortensen was employed by defendant as an Account Development Representative beginning in October 2014.

12.     Defendant terminated Ms. Mortensen's employment on or about July 9, 2015.

13.     Plaintiff's claim is based on the requirements of Title VII of the Civil Rights Act of 1964 and its amendments.

14.     As an Account Development Representative she was paid a salary of $36,000 plus 40% commission.

15.     Plaintiff performed her job well without any write-ups.

16.     She had an excellent rapport with her clients and her supervisors.

17.     She was pregnant in April of 2015 and continued to work throughout her pregnancy until the time of her termination.

18.     In April of 2015, plaintiff's managers were Ben Ewell, Brandon Holyoak and Tom Smith.

19.     Plaintiff told her managers of her pregnancy immediately.

20.     Plaintiff experienced severe morning sickness from the beginning of her pregnancy, which included vomiting, diarrhea, motion sickness and debilitating migraines.

21.     Plaintiff also experienced blurry vision.

22.     When Plaintiff was sick she couldn't perform any kind of activities, not even basic daily activities.

23.     Plaintiff experienced her sickness one or two part days a week.

24.     Plaintiff notified her managers of her health problems, her doctor appointments, and provided them with a doctor's note requesting an accommodation.

25.     Plaintiff offered Defendant a doctor's note which allowed her to be excused from work if she felt sick under any circumstances.

26.     Plaintiff inquired as to what she could do to continue working in her current position.

27.     The HR managers told her that the only thing she could do was to go on disability and come back after her pregnancy.

28.     Her managers refused her any accommodations.

29.     Plaintiff complained about her treatment on June 18, 2015 to Joyce Davis in HR.

30.     Thereafter, Mr. Smith told other employees not to talk to Plaintiff because she was trouble.

31.     Managers would follow Plaintiff on her breaks and tell her that she was being negative and everyone was complaining about her.

32.     Mr. Smith told Plaintiff to "quit acting like a Ho."

33.     Mr. Ewell was sending Plaintiff derogatory emails.

34.     Ms. Davis told Plaintiff that she was being sensitive and that she couldn't accommodate her beyond allowing her to go on disability and taking a leave of absence.

35.     Because of the manager's actions, other co-workers stopped talking to Plaintiff.

36.     Other co-workers of Plaintiff's missed a lot of work but were allowed to keep working in their position.

## COUNT I: UNLAWFUL RETALIATION

33.     Plaintiff reasserts and incorporates all other allegations of this complaint.

37.     Plaintiff was discriminated against and complained to appropriate management.

38.     Management did not make an appropriate response to the complaint and instead made things more difficult for plaintiff.

39.     Defendant refused Plaintiff any accommodations short of a leave of absence.

40.     After Plaintiff complained to management, Defendant's agents told her to "stop acting like a Ho," told other employees not to talk to her because she was trouble, and followed her on her breaks.

41.     Plaintiff's managers told her she was being too negative and that everyone was complaining about her.

42.     Mr. Ewell was sending Plaintiff derogatory emails.

43.     Plaintiff was terminated shortly thereafter.

44.     Defendant retaliated against plaintiff as described above.

45.     As a result of defendant's wrongful conduct, by and through its officers, agents, and employees, Plaintiff has suffered damages for which she is entitled to recover.

## COUNT II: GENDER DISCRIMINATION

46.     Plaintiff reasserts and incorporates all other allegations of this complaint.

47.     Plaintiff was a female employed by Defendant.

48.     Plaintiff was qualified for her position and performed her job duties well.

49.     During her pregnancy, Plaintiff missed work only once or twice for parts of the day and could otherwise perform her work as before.

50.     Plaintiff complained to appropriate management about the lack of accommodation.

51.     After Plaintiff complained to management, Defendant's agents told her to "stop acting like a Ho," told other employees not to talk to her because she was trouble, and followed her on her breaks.

52.     Plaintiff's managers told her she was being too negative and that everyone was complaining about her.

53.     Plaintiff was terminated shortly thereafter.

54.     Defendant discriminated against Plaintiff based on her pregnancy as described above.

55.     As a result of defendant's wrongful conduct, by and through its officers, agents, and employees, Plaintiff has suffered damages for which she is entitled to recover.

## JURY DEMAND

Plaintiff hereby demands a jury in the above action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Solutionreach, Inc. as follows:

1.     For general compensatory damages, as follows:

    a.     Back pay for lost wages;

    b.     Lost future earnings and benefits; and,

2.     For Plaintiff's costs and reasonable attorney fees incurred herein.

3.     General damages for pain, suffering and mental anguish.

4.     For such other and further relief as the Court deems just and proper.

DATED this  28th   day of October 2019.


/s/ KENNETH PARKINSON
KENNETH PARKINSON, for:
HOWARD, LEWIS & PETERSEN, P.C.
Attorneys for Plaintiff